UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

**MELISSA K. BUTTS,**
705 Beaver Street
Beaver Dam, WI 53916

    Plaintiff,

              Case No. **25-cv-1276**

vs.

**DEERE & COMPANY,**
Registered Agent:
CT Corporation System
301 S. Bedford St. Ste. 1
Madison, WI 53703

    and

**JOHN DEERE WELFARE PLAN**
**FOR WAGE EMPLOYEES**
**(f/k/a John Deere Long Term Disability**
**Benefit Plan for Wage Employees),**
Registered Agent:
CT Corporation System
301 S. Bedford St. Ste. 1
Madison, WI 53703

    Defendants.

---

## COMPLAINT

---

Now comes Plaintiff, Melissa K. Butts, by and through her attorneys, Hawks Quindel, S.C., and for her Complaint against Defendant, hereby states as follows:

## JURISDICTION & VENUE

1.  Plaintiff, a participant in an employee welfare benefit plan, brings this action pursuant to 29 U.S.C. § 1132 of the Employee Retirement Income Security Act of 1974, as amended (ERISA) to recover benefits due to Plaintiff pursuant to the terms of the plan and to enforce and clarify Plaintiff's rights under the terms of the plan.

2.  This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132, as the claims herein arise under ERISA.

3.  Venue is proper in the Eastern District of Wisconsin pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred in this District and, because, in substantial part, the breaches asserted herein took place in this District.

## PARTIES

4.  Plaintiff is an adult resident of Beaver Dam, Wisconsin, and at all times relevant to this complaint, was a participant in, and beneficiary of, an employer-sponsored group long term disability (LTD) benefit plan.

5.  Defendant, Deere & Company (d/b/a and hereinafter referred to as John Deere), on information and belief is a corporation organized under the laws of Illinois. Upon information and belief, Defendant sponsors and administers an employee welfare plan, the "John Deere Welfare Plan for Wage Employees" (f/k/a the John Deere Long Term Disability Plan for Wage Employees), designated as Plan Number 504 (the Plan).

6. The Plan is an employee welfare benefit plan subject to ERISA and has been in effect since at least October 31, 2021, and continues to the present time.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8. Plaintiff formerly worked as a Materials Support Coordinator for John Deere, and by virtue of this employment, was an eligible participant in the Plan.

9. Plaintiff ceased working on or about May 1, 2022, due to debilitating pain in her back and leg.

10. Effective May 1, 2022, and continuing to the present time, Plaintiff has been unable to perform the substantial and material duties of Plaintiff's own occupation and of any occupation, as those terms are defined by the Plan.

11. As a result of Plaintiff's medical conditions, Plaintiff applied for short-term disability benefits, and John Deere approved that claim through the maximum benefit period.

12. Plaintiff subsequently applied for LTD benefits under the Plan with John Deere.

13. John Deere approved Plaintiff's claim for LTD benefits from April 22, 2023 until August 31, 2024.

14. Plaintiff's LTD benefit is worth approximately $1,850.00 per month.

15. John Deere was responsible for determining whether Plaintiff was eligible for LTD benefits.

16. John Deere was responsible for paying Plaintiff's LTD benefits.

17. By letter dated September 27, 2024, John Deere denied Plaintiff's LTD benefits claim beyond September 1, 2024.

18. By email dated October 10, 2024, Plaintiff timely appealed John Deere's denial of Plaintiff's benefits claim.

19. By letters dated March 12 and March 13, 2025, John Deere upheld its decision to deny Plaintiff's LTD benefits.

20. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

21. Plaintiff submitted all information requested by John Deere.

22. John Deere failed to consider the issues raised in Plaintiff's appeal.

23. John Deere ignored clear medical evidence of Plaintiff's medical conditions and disability.

24. John Deere did not perform a "full and fair review" of Plaintiff's claim.

25. John Deere failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

26. John Deere failed to adequately explain why it rejected specific evidence in Plaintiff's file.

27. John Deere failed to engage in a meaningful dialogue with Plaintiff.

28. John Deere failed to adequately explain its reasons for denying Plaintiff benefits.

29. John Deere conducted a selective review of Plaintiff's medical records.

30. John Deere failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

31. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

32. At all times material to this case, the Plan has remained in full force and effect.

33. John Deere's denial of Plaintiff's claim LTD benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF**
**SECTION 502(a)(1)(B) OF ERISA**

34. The preceding paragraphs are reincorporated by reference as though set forth here in full.

35. Plaintiff has been and remains disabled, as that term is defined by the Plan.

36. John Deere wrongfully, arbitrarily, and capriciously denied LTD benefits due to Plaintiff.

37. John Deere interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

38. Upon information and belief, John Deere inconsistently interpreted the terms and conditions of the Plans from one case to the next.

39. As both the payer of claims and the adjudicator of LTD claim eligibility, John Deere has an inherent conflict of interest.

40. John Deere's denial of Plaintiff's LTD benefits was "downright unreasonable."

41. For these and other reasons, John Deere wrongfully denied Plaintiff's claim for LTD benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Melissa Butts, demands judgment from the Defendants for the following:

A. Payment of all retroactive LTD benefits owed to Plaintiff under the terms and conditions of the Plans;

B. A declaration of Plaintiff's continued eligibility for all LTD benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: this 25 day of August, 2025.

By: _s/Jessa L. Victor_
Jessa L. Victor
WI State Bar No. 1099144
Forrest C. Stewart
WI State Bar No. 1124604
Attorney for Plaintiff
Hawks Quindel, S.C.
409 East Main Street
P.O. Box 2155

00806728

6

Case 2:25-cv-01276-WED  Filed 08/25/25  Page 6 of 7  Document 1

Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Email: jvictor@hq-law.com
     fstewart@hq-law.com